IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY McMURRAY,

    Plaintiff,

v.                                                                                          No. CV 08-0773 JH/WDS

JOHN MCCLEMOORE, ET AL.,
PAUL SNEAD,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing McMurray's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names two Defendants, both of whom are former state court judges who have

been named in prior complaints filed by Plaintiff. *See McMurray v. Snead-Justice*, No. CV 07-0688 JH/CEG; *McMurray v. Snead*, No. CV 08-0519 JB/KBM. Both prior complaints were dismissed on procedural grounds. Plaintiff's only allegation in the instant complaint is that Defendants were incompetent, apparently causing him to be falsely imprisoned. The complaint seeks damages and equitable relief.

Defendants are immune to Plaintiff's claims for damages. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). This is true regardless of the judge's motive. *See Stump*, 435 U.S. at 356-57. Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. *See id*. Plaintiff's claim for damages against Defendants will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Furthermore, Plaintiff's allegations do not support a claim for equitable relief. He asks that "this court would enlist him to the military army pursuant to get 7 yrs of physical therapy at Fort Bliss, TX." Even assuming that Plaintiff's need for physical therapy resulted from his alleged false imprisonment, this claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court in *Heck* held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The Tenth Circuit has applied *Heck* to bar § 1983 claims seeking injunctive relief. *See Lawson v. Engleman*, 67 F. App'x. 524, 526 n. 2 (10th Cir. 2003). The complaint does not allege that Plaintiff's conviction has been set aside, *see Heck*, 512 U.S. at 487, and his allegation of false imprisonment fails to state a claim for equitable relief cognizable

under § 1983.  *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2  (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claim for equitable relief is DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE